J-S44007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINTON HITNER | : | |
| | : | |
| Appellant | : | No. 3129 EDA 2024 |

Appeal from the PCRA Order Entered October 29, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002016-2004

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED JANUARY 29, 2026**

Clinton Hitner appeals *pro se* from the order, entered in the Court of Common Pleas of Bucks County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

In 2005, following a jury trial, Hitner was convicted of multiple counts of rape, kidnapping, and related charges, arising from the rape of two women. On October 6, 2005, Hitner was classified as a sexually violent predator, and the trial court sentenced him to an aggregate term of 40 to 80 years in prison. This Court affirmed Hitner's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Hitner*, 910 A.2d 721 (Pa. Super. 2006), *appeal denied*, 926 A.2d 441 (Pa. 2007).

On March 28, 2008, Hitner filed his first PCRA petition. The PCRA court conducted a hearing, after which it denied Hitner's PCRA petition. Hitner

appealed and this Court affirmed. *See id.*, 23 A.3d 568 (Pa. Super. 2010) (Table). Hitner did not initially seek further review in the Pennsylvania Supreme Court. Subsequently, Hitner filed a writ of mandamus in which he sought review from the Pennsylvania Supreme Court. His request was denied on January 14, 2013. *See Hitner v. Court of Common Pleas*, 189 MM 2012 (Pa. 2013) (Table).

Prior to filing his writ of mandamus, Hitner filed multiple serial PCRA petitions on December 20, 2010, May 16, 2011, August 4, 2011, and September 2, 2011. The PCRA court denied these petitions on November 7, 2014. Hitner appealed, and this Court affirmed on June 2, 2015. *See Commonwealth v. Hitner*, 122 A.3d 1119 (Pa. Super. 2015) (Table). Hitner did not seek further review in the Pennsylvania Supreme Court.

On April 18, 2016, Hitner filed a motion seeking post-conviction DNA testing pursuant to 42 Pa.C.S.A. § 9543.1, which the PCRA court denied on July 7, 2016. Hitner appealed and this Court affirmed on May 19, 2017. *See id.*, 170 A.3d 1235 (Pa. Super. 2017) (Table). Hitner did not seek further review in the Pennsylvania Supreme Court.

On May 17, 2023, Hitner filed another PCRA petition. Attached to this petition was an affidavit of an inmate allegedly incarcerated with Hitner, Anthony Nguyen. This affidavit alleged that Nguyen had driven one of the victims, J.S., to Hitner's house on the night she was assaulted and that Hitner, Nguyen, and J.S. had smoked marijuana together. Hitner claimed this affidavit satisfied the newly discovered facts exception to the PCRA time bar.

The PCRA court disagreed and dismissed Hitner's petition as untimely. Hitner appealed to this Court but withdrew the appeal on December 18, 2023.

While that appeal was pending, Hitner filed another PCRA petition on October 16, 2023. Hitner attached an affidavit from Orlando McNeil, another individual allegedly incarcerated with Hitner, who claimed to have been present at the bar where Hitner had originally testified he met the other victim, L.H., on the night of January 13, 2004. McNeil's affidavit claimed that he did not know Hitner before and never met him again until their incarceration more than 19 years later, but recalled the offhand conversation they had on January 13, 2004, as well as Hitner's and L.H.'s names. Ultimately, on November 22, 2023, the PCRA court dismissed this petition as untimely. Hitner did not appeal this order.

On August 19, 2024, Hitner filed the instant PCRA petition. This most recent petition contained an affidavit from a third inmate, Mark McKay, who, according to the affidavit, is incarcerated with Hitner and claims to have knowledge of Hitner's case from 20 years ago. In McKay's affidavit, he claims that, 20 years ago, he overheard J.S. discussing on the phone that she was going to set Hitner up for rape. McKay's affidavit further states that he sent a letter to the prosecuting attorney in March of 2004 informing her of J.S.'s statements he had overheard and that he was willing to testify. McKay's affidavit also claims he kept a copy of the letter he sent to the district attorney for the past 20 years.

On September 18, 2024, the PCRA court issued notice of its intent to dismiss Hitner's petition without a hearing pursuant to Pa.R.Crim.P. 907. Hitner sought, and was granted, time to file responses and amended responses to the Rule 907 notice. Hitner filed three responses on October 10, 2024, October 16, 2024, and October 25, 2024. On October 29, 2024, the PCRA court dismissed Hitner's PCRA petition as untimely.

Hitner filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Hitner now raises the following claims for our review:

> 1. Did the PCRA court commit an error of law or abuse its discretion as a matter of law when it's [Rule] 907 notice of intent to dismiss doesn't comply with [Rule] 907 by not indicating why it found that [Hitner's] after discovered evidence [claim] lacked merit?
>
> 2. Was [Hitner] denied [] equal protection of the PCRA determining process when the PCRA court[']s aforementioned [Rule] 907 notice doesn't indicate why [Hitner]'s after discovered evidence [] claims lacked merit?
>
> 3. Does the PCRA court[']s non-compliance with [Rule] 907[ and] Pa.R.Crim.P. 905 require vacatur of the order dismissing [Hitner's] PCRA petition?
>
> 4. Did the PCRA court commit [] reversible errors or abuse its discretion as a matter of law by denying [Hitner's] PCRA petition without conducting an evidentiary hearing pursuant to[] Pa.R.Crim.P. 908 when [Hitner's] after discovered evidence [] claims have not been previously heard or litigated or contested by the district attorney office during the PCRA stage?
>
> 5. Was [Hitner] entitled to a hearing and have his judg[]ment vacated when the district attorney[']s silence during the PCRA stage was acquiescence that district attorney Jennifer Buck [(ADA Buck)] denied [Hitner] a fair trial by suppressing the exculpatory

- 4 -

evidence of [] McKay's written witness statement that was written to [ADA Buck] that would [have] put this case in such a different light that it would [have] changed the outcome of the trial?

6. Was [Hitner] entitled to a hearing and [to] have his judgment vacated when the district attorney['s] silence during the PCRA stage was acquiescence that [ADA Buck] suppressed [] McKay['s] written witness statement to allow [J.S.'s] false testimony against [Hitner] to go uncorrected?

Brief for Appellant, at 11-12 (unnecessary capitalization omitted).

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Cox*, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007).

Prior to addressing Hitner's claims, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final for the purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not

address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Hitner's judgment of sentence became final, for purposes of the PCRA, on September 20, 2007, when the time expired for him to file a petition for writ of certiorari with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(1), (3); U.S.Sup.Ct.R. 13. Thus, Hitner had until September 22, 2008, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1), (3); *see also Hitner*, 122 A.3d 1119 (concluding Hitner's judgment of sentence became final on September 20, 2007, and all timely PCRAs were required to be filed by September 22, 2008). Consequently, Hitner's instant petition, filed on August 19, 2024, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Hitner asserts that his petition satisfied the newly discovered facts and governmental interference exceptions to the PCRA time bar. *See* Brief for Appellant, at 22-32.

The newly discovered facts exception to the PCRA time bar "renders a petition timely when the petitioner establishes that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020) (quotation marks and citation omitted). A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" *Id.* at 1282 (quotation marks omitted). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (internal citations and quotation marks omitted). In other words, the fact that a petitioner has "discovered yet another conduit" for a claim previously presented "does not transform his latest source into evidence falling within the ambit of section 9545(b)(1)(ii)." *Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020) (en banc) (quotation marks and citation omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next

examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." *Small*, 238 A.3d at 1282. Further, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new facts earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

The PCRA court addressed Hitner's attempts to invoke the newly discovered facts and governmental interference exceptions as follows:

> [Hitner] fails to explain why he could not discover this alleged witness, Mark McKay, through his own due diligence and investigation. . . . [Hitner] does not provide information as to what steps he took to uncover this alleged witness, nor does he explain where [] McKay allegedly witnessed these events and what his relationship with J.S. is to indicate whether or not [Hitner] should have known about [] McKay's existence prior to 2024.
>
> Further, [Hitner] fails to explain why [] McKay did not come forward with his exculpatory information prior to July of 2024. In fact, [] McKay, a fellow inmate of in SCI Coal Township, signed an affidavit stating that he sent a letter and spoke to the District Attorney about his testimony in March of 2004, but "never heard anything back from [her]." [Hitner] provides no insight as to why, despite not hearing back from the District Attorney's Office, [] McKay never followed up or attempted to contact [Hitner] himself. In fact, [] McKay was charged and convicted of [p]ossession of [m]arijuana in August of 2004 (Docket No. CP-09-CR-0005343-2004) and [f]alse [i]dentification to a [l]aw [e]nforcement [o]fficer in January of 2005 ([Docket No.] CP-09-CR-0002818-2005). [Hitner] provides no information as to why [] McKay did not follow up with the District Attorney's Office, [which] he surely had contact with as that office was prosecuting both of these cases, about his exculpatory information. As such, [Hitner] cannot circumvent the PCRA's jurisdictional time bar and his claims must fail.

PCRA Court Opinion, 1/6/25, at 11-12. Further, the PCRA court concluded that Hitner's alleged newly discovered evidence was so wholly incredible that, even if he had satisfied the exception, it would not have garnered him relief:

> It is clear to this [c]ourt that [Hitner] is manufacturing and backdating evidence with fellow inmates in an attempt to obtain PCRA relief. This [c]ourt would be hard[-]pressed to believe that [Hitner] just happened to learn about this exculpatory evidence by chance after meeting [] McKay in the SCI and that [] McKay has carried around his 2004 letter to the District Attorney's Office for the past 20 years. [Hitner] has participated in this exact same routine with different inmate "witnesses" and their "affidavits" before in at least two prior PCRA[ petition]s. After each PCRA [petition] has been found to be meritless, [Hitner] uses the Commonwealth's responses and the [c]ourts' [o]pinions outlining the claims' legal deficiencies as a guide to craft new, fraudulent averments in subsequent PCRA petitions. For example, the first time [Hitner] "discovered" a witness, who just so happened to be in the same SCI and who just so happened to have the necessary evidence from 2004 on his person years later, the [c]ourt dismissed his PCRA [p]etition as [Hitner] mentioned that he knew the witness prior but failed to explain how he did not already discover him. Therefore, in the instant PCRA [p]etition, [Hitner] ma[de] sure to avoid that fatal flaw and [averred] that he had no knowledge of [] McKay's identity and that he was not provided his name in discovery requests. Just as the [t]rial [c]ourts before this one were not fooled by [Hitner]'s fraudulent assertions, this [c]ourt also sees through [Hitner]'s attempts at deceit[.]

*Id.* at 12-13.

Upon review of the record, we agree with the PCRA court's well-reasoned opinion. *See id.* Indeed, there is nothing in the record that details any purported steps that Hitner may have taken to support his bald claim that he acted diligently. *See Spotz*, *supra*. Furthermore, McKay's statements, in his affidavit, consist entirely of hearsay statements that he overheard. Hitner makes no effort whatsoever to demonstrate that such statements would be

admissible, and it is beyond cavil that inadmissible hearsay cannot satisfy the newly discovered facts exception. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008); *see also Commonwealth v. Brown*, 141 A.3d 491, 501-02 (Pa. Super. 2016) ("Therefore, Brown's affidavit was inadmissible hearsay and does not fall under the newly[ ]discovered fact timeliness exception."). Additionally, Hitner's mother testified at the jury trial that she had heard J.S. was going to falsely accuse Hitner of rape. *See* N.T. Jury Trial (Day 5), 2/8/05, at 196-97. Therefore, Hitner was already aware of the existence of J.S.'s alleged statements and they cannot satisfy the newly discovered facts exception. *See Maxwell*, *supra*. Thus, his claim is time-barred.

Next, Hitner argues that his petition also falls under the governmental interference exception because ADA Buck allegedly received McKay's letter 20 years ago and should have disclosed it in discovery. *See id.* at 25-32. Hitner further asserts that our Supreme Court was wrong to impose a due diligence requirement on the governmental interference timeliness analysis. *See id.* at 25-26. Additionally, Hitner alleges that the Commonwealth's failure to file a response to his PCRA petition is the same as "acquiescence" to his claims. *See id.* at 50-54.

Prior to addressing the purported timeliness under the governmental interference exception, we observe that Pa.R.Crim.P. 906 does not require the Commonwealth to file a response to a PCRA petition. *See* Pa.R.Crim.P. 906. In particular, Rule 906 states: "an answer to a [PCRA petition] is not required

unless ordered by the judge.  When the judge has not ordered an answer, the attorney for the Commonwealth may elect to answer, but **the failure to file one shall not constitute an admission of the well-pleaded facts alleged in the petition.**"  *Id.* (emphasis added).  Therefore, Hitner's claim that the Commonwealth has "acquiesced" to his asserted facts is of no moment.

Hitner raises a ***Brady***[1] claim, which can fall within the governmental interference exception to the PCRA time bar.  ***See Commonwealth v. Natividad***, 200 A.3d 11, 28 (Pa. 2019) ("It is well-settled a ***Brady*** violation may fall within the governmental interference exception.").  Nevertheless, "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." ***Abu-Jamal***, 941 A.2d at 1268 (citation omitted).

A PCRA petitioner must establish three prongs to obtain relief under ***Brady***:  "(1) the evidence at issue is favorable to the accused, either because it was exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." ***Commonwealth v. Weiss***, 81 A.3d 767, 783 (Pa. 2013).  Importantly, the alleged ***Brady*** evidence "may not be cumulative of other evidence[.]" ***Commonwealth v. Simpson***, 66 A.3d 253, 264 (Pa. 2013).

---

[1] ***Brady v. Maryland***, 373 U.S. 83 (1963).

Here, Hitner has failed to prove that the Commonwealth suppressed the letter McKay allegedly sent to ADA Buck 20 years ago. Importantly, despite Hitner's disagreements with existing law, Hitner has failed to demonstrate that he acted diligently in discovering McKay's testimony.[2] **See Abu-Jamal**, **supra**. Further, as set forth above, Hitner was already aware of J.S.'s alleged statements that she was going to falsely accuse him of rape. Thus, Hitner has failed to satisfy the governmental interference exception and his claim is time-barred.

Moreover, even if we took Hitner's assertions at face value and concluded that he had satisfied the governmental interference exception, which we do not, McKay's purported testimony is merely cumulative of the testimony Hitner's mother provided at trial. **See Simpson**, **supra**. Indeed, McKay's alleged testimony that he overheard J.S. stating she was going to falsely accuse Hitner of rape is exactly what Hitner's mother testified to overhearing **at his jury trial**. **See** N.T. Jury Trial (Day 5), 2/8/05, at 196-97. Thus, the jury had already heard this exact evidence, it did not sway their verdict, and it is clear that Hitner was already aware of the statement J.S. allegedly made. Therefore, Hitner's claim fails on its merits and his petition

---

[2] We reject Hitner's assertion that the Supreme Court wrongly applied a due diligence requirement to the governmental interference exception. "[T]his [C]ourt has a duty and obligation to follow the decisional law of the Supreme Court of Pennsylvania." **Commonwealth v. Foley**, 38 A.3d 882, 892 (Pa. Super. 2012) (internal quotations and citation omitted). "The primary role of the Superior Court is to apply existing law to the cases that come before us. It is not our function to attempt reversing viable [Pennsylvania] Supreme Court rulings[.]" **Id.**

is time-barred. *See Commonwealth v. Johnson*, 863 A.2d 423, 425-26 (Pa. 2004) ("As we conclude that Appellant's underlying *Brady* claim is without merit, we necessarily also conclude that Appellant has failed to show that his petition falls within any of the exceptions to the PCRA's time requirements.").

In his next claim, Hitner contends that the PCRA court's Rule 907 notice of intent to dismiss his petition was deficient in many respects and that we must remand for a hearing. *See* Brief for Appellant, at 33-49. We disagree.

This Court has held that "where the PCRA petition is untimely, the failure to provide [Rule 907] notice is not reversible error." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (citing *Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000)). Therefore, it is entirely irrelevant whether the PCRA court's Rule 907 notice was compliant with the rule as the PCRA court did not have jurisdiction to entertain the petition.[3] *See Albrecht*, *supra*. Accordingly, we affirm the PCRA court's order dismissing Hitner's PCRA petition.

Order affirmed.

---

[3] Moreover, we note that the PCRA court afforded Hitner multiple continuances to file **three** responses and amended responses to the Rule 907 notice. Thus, to the extent that Hitner claims he did not know the PCRA court's rationale for dismissal, such claim is belied by the record.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>1/29/2026</u>